Juan Kent BRANHAM, Plaintiff–
Appellant,

v.

Larry MEACHUM, Commissioner, Dept. of Corrections; Robert Kupec, Warden, CCI Somers and Lt. Champion, CCI Somers, Defendants–Appellees.

No. 617, Docket 94–2572.

United States Court of Appeals,
Second Circuit.

Argued Dec. 18, 1995.

Decided Feb. 22, 1996.

Mary Ellen Donnelly, New York City (James F. Gill, Mark D. Risk, Robinson Silverman Pearce Aronsohn & Berman, New York City, of counsel), for Plaintiff–Appellant.

Stephen R. Sarnoski, Assistant Attorney General, Hartford, CT (Richard Blumenthal, Attorney General of Connecticut, of counsel), for Defendants–Appellees.

Before: KEARSE, MINER and PARKER, Circuit Judges.

MINER, Circuit Judge:

Plaintiff-appellant Juan Kent Branham, a Connecticut state prisoner, appeals from a judgment of the United States District Court for the District of Connecticut (Daly, J.) dismissing his civil rights complaint pursuant to Fed.R.Civ.P. 12(b)(6). Branham's complaint alleges that defendants-appellees Larry Meachum, Commissioner of the Connecticut Department of Correction, Robert Kupec, Warden of the Connecticut Correctional Institution at Somers ("Somers"), and Walter Champion, a corrections officer at Somers, violated his First, Fifth, Eighth, and Fourteenth Amendment rights. On appeal, Branham challenges the dismissal of his Eighth Amendment cruel and unusual punishment claim and his Fourteenth Amendment due process claim.

For the reasons set forth below, we affirm the district court's dismissal of Branham's Eighth Amendment claim, vacate the district court's dismissal of his Fourteenth Amendment claim, and remand for further proceedings consistent with this opinion.

## BACKGROUND

On April 17, 1993, an inmate in the F–Block Segregation Unit at Somers stabbed a corrections officer. On April 19, 1993, Meachum and Kupec placed all inmates housed in F–Block, including Branham, on "lockdown" status. This apparently means that the in-

mates were confined to their cells and were denied all out-of-cell privileges. In addition, Kupec and Champion ordered all F–Block inmates, including Branham, to be reclassified to "full restraint" status. Under full restraint, inmates apparently were confined to their cells and were shackled with handcuffs and leg irons whenever they left their cells.

On July 20, 1993, Branham commenced a civil rights action against defendants Meachum, Kupec, and Champion (the "prison officials"). On September 9, 1993, the prison officials filed a motion to dismiss the complaint. After granting Branham two separate extensions of time to respond to the motion and notifying him that failure to respond might result in dismissal, the district court ordered Branham to answer the motion by September 6, 1994. Rather than answering the motion, Branham on August 11, 1994 filed an amended *pro se* complaint pleading claims under the provisions of 42 U.S.C. § 1983 and alleging that the prison officials violated his First, Fifth, Eighth, and Fourteenth Amendment rights. The factual allegations pleaded in the amended complaint are as follows:

1. On or about April 19, 1993, the segregation unit at Somers where the plaintiff [was incarcerated] was put on lockdown per orders of defendant[s] Meachum and Kupec.

2. On or about April 19, 1994, all inmates in the segregation unit at Somers were put on full restraint status without the benefit of a hearing or being charged with a disciplinary offense per order of defendant[s] Kupec and Champion. This continued until June 9, 1994, when plaintiff was transferred to Walker SMU.

3. The plaintiff was denied outdoor recreation from approximately April 17, 1994 to May 9, 1994 per order of defendants Kupec and Champion.

4. From approximately April 19, 1994 to June 9, 1994, the plaintiff was not given the opportunity to have his restraint status reviewed by defendant Champion per Department of Corrections Administrative Directives.

5. From approximately April 19, 1994 to June 9, 1994, the plaintiff was forced to shower while wearing leg irons in a secure shower stahl [sic] per order of defendant Champion.

In his amended complaint, Branham alleges, *inter alia,* that the prison officials' actions denied him due process in violation of the Fourteenth Amendment and constituted cruel and unusual punishment in violation of the Eighth Amendment.

On September 19, 1994, the district court granted the prison officials' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure of the amended complaint to state a claim upon which relief could be granted. As to Branham's Fourteenth Amendment claim, the district court found that Branham had not "alleged any specific facts showing that the defendants denied him a property or liberty interest protected by the Due Process Clause when they simply used their expertise [in the] safe operation of a [State] prison." (quotations omitted and alterations in original). The district court did not discuss Branham's Eighth Amendment claim. This appeal followed.

## DISCUSSION

 A district court's grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed *de novo* on appeal. *International Audiotext Network, Inc. v. AT&T,* 62 F.3d 69, 71 (2d Cir.1995). In reviewing a 12(b)(6) dismissal, we "must accept the material facts alleged in the complaint as true," and dismiss only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Staron v. McDonald's Corp.,* 51 F.3d 353, 355 (2d Cir.1995) (quotations omitted). "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995) (quotations omitted). When considering the sufficiency of a *pro se* complaint, we "must construe it liberally, applying less stringent standards than when a

plaintiff is represented by counsel." *Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir.1983).

### I. Fourteenth Amendment Due Process Claim

■ Branham contends that his amended complaint alleges facts sufficient to state a claim under the Fourteenth Amendment. Specifically, Branham argues that he was entitled to review of his restraint status under a State of Connecticut Department of Correction administrative directive, and that this right of review created a liberty interest in the right to be free from unreasonable restraint. He claims that the prison officials violated his Fourteenth Amendment rights by depriving him of this liberty interest without sufficient procedural due process.

Under the law existing at the time the district court dismissed Branham's complaint, a state could confer liberty interests on prisoners by enacting statutory or regulatory measures that placed substantive limitations on the discretion of prison officials. *See, e.g., Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (liberty interest in avoiding administrative confinement created by state law); *Gittens v. LeFevre,* 891 F.2d 38 (2d Cir.1989) (liberty interest created in avoiding "keeplock" confinement). A liberty interest could be conferred by a state on prisoners if two requirements were met: "(1) the state must have articulated specified 'substantive predicates' which limit the discretion of state officials; and (2) it must have employed 'explicitly mandatory language,' requiring state officials to follow those substantive predicates." *Klos v. Haskell,* 48 F.3d 81, 87 (2d Cir.1995) (citations omitted).

■ We think that Branham alleges sufficient facts to state a claim under this standard. Branham states that he was "put on lockdown," placed on "full restraint" status for 52 days, denied outdoor recreation for 22 days, forced to shower while wearing leg irons, and deprived of an opportunity to have his restraint status reviewed as required by "Department of Correction[ ] Administrative Directives." According to Directive No. 9.4, "[t]he placement of an inmate on out of cell restraint status shall be approved by the facility Chief of Security or higher authority in accordance with Administrative Directive 7.2 ... [and] *shall* be reviewed every 30 days by the Unit Administrator."[1] (Emphasis added). It is unclear from Branham's complaint that his confinement or restraint triggered the review requirement of Directive 9.4 or any other directive. In addition, in the event Branham was entitled to a review of his status, it is unclear that Directive 7.2 or any other regulatory measure limits the substantive discretion of the official charged with conducting the review. *See Hewitt v. Helms,* 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983) (holding that, to confer a liberty interest in continuing to reside in the general prison population, a regulation must use "language of an unmistakably mandatory character ... *and* [require] that administrative segregation will not occur absent specified substantive predicates—viz., 'the need for control,' or 'the threat of a serious disturbance' " (emphasis added)); *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983) (holding that a state regulation does not create a protected liberty interest unless it places "substantive limitations on official discretion"); *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (same). However, in view of our liberal interpretation of *pro se* complaints, at this preliminary stage we are unable to conclude "beyond doubt that [Branham] can prove no set of facts in support of the claim which would entitle him to relief." Accordingly, we hold that the district court's dismissal of Branham's complaint was inappropriate under the law in effect at that time.

After the district court dismissed Branham's complaint, the Supreme Court "reexamine[d] the circumstances under which

---

1. This court may consider the text of Administrative Directive 9.4, a copy of which was attached to Branham's appellate brief, in spite of the fact that it was not attached to Branham's complaint. The text of this regulation was integral to Bran-

ham's due process claim. In addition, defendants had "undisputed notice" of the content of their own regulation. *See San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Cos.,* 75 F.3d 801, 808 (2d Cir.1996).

state prison regulations afford inmates a liberty interest protected by the Due Process Clause." *Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2295, 132 L.Ed.2d 418 (1995). In *Sandin,* the Supreme Court held that constitutional liberty interests

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at ——, 115 S.Ct. at 2300 (citations omitted). The Court went on to hold in that case that the prisoner's placement in segregated confinement for 30 days did not "work a major disruption in his environment," and therefore "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at ——, 115 S.Ct. at 2301.

Because *Sandin* was decided after the district court dismissed Branham's complaint, the district court did not determine whether Branham had stated a cause of action under the new standard set forth in *Sandin.* In his amended complaint, Branham alleges that the prison officials imposed restraints on him without providing a hearing. Although Branham did not fully explain the meaning of "lockdown" or "full restraint" or how this would present an "atypical and significant hardship," Branham filed his amended complaint before *Sandin* had been decided. We previously have stated that "sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action." *Davidson v. Flynn,* 32 F.3d 27, 31 (2d Cir. 1994); *see also* Fed.R.Civ.P. 15(a) (providing that leave to amend "shall be freely given when justice so requires"). Therefore, in light of the fact that Branham is a *pro se* litigant, and in light of the new standard articulated in *Sandin,* we think that the district court should allow Branham an opportunity to amend his complaint to allege sufficient facts to state a cause of action under *Sandin.*

## II. Eighth Amendment Claim

■ Branham contends that his amended complaint alleges facts sufficient to state a claim under the Eighth Amendment. He argues that the "prison officials used excessive force constituting cruel and unusual punishment by confining [him] to his cell, depriving him of recreation and forcing him to wear restraints, even when bathing." Whether we construe Branham's complaint as alleging an Eighth Amendment violation based on the use of excessive force or based on unduly harsh conditions of confinement, the complaint fails to state a claim upon which relief can be granted.

■ In *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the Supreme Court clarified the standard for determining whether prison officials have violated the Eighth Amendment by using excessive physical force. The Court stated that "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7, 112 S.Ct. at 999. In examining the Eighth Amendment claim, we consider both the subjective and objective components of the alleged violation. *Davidson,* 32 F.3d at 29. The objective component of the alleged violation relates to the "seriousness of the injury." *Id.* The Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson,* 503 U.S. at 9–10, 112 S.Ct. at 1000 (quotations omitted). The subjective component relates to whether the defendant possessed a "wanton" state of mind when engaging in the alleged misconduct. *See id.* at 6–7, 112 S.Ct. at 998–99.

■ In the context of an Eighth Amendment claim based on prison conditions, a prisoner must prove that prison officials acted with "deliberate indifference." *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991) (quotations omitted). Under this standard, the deprivation alleged by the prisoner must be in objective terms "sufficiently serious" such that the deprivation "den[ied] the minimal

civilized measure of life's necessities." *Id.* at 298, 111 S.Ct. at 2324 (quotations omitted). In addition, the prison officials must have acted with deliberate indifference in that they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (quotation omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995).

Branham's complaint does not allege sufficient facts to state a claim based on the use of excessive force. Branham does not allege any facts indicating that the prison officials acted with a "wanton" state of mind. He merely claims that the prison officials "put [him] on lockdown," placed him on "full restraint" status, denied him outdoor recreation, and forced him to wear leg irons while showering. Although Branham alleges that these actions were taken without the review required by administrative directives, this alone does not indicate that the prison officials acted with a wanton state of mind.

Furthermore, the amended complaint does not allege facts sufficient to state a cause of action based on unduly harsh conditions of confinement. Branham does not provide any facts suggesting that the prison officials acted with "deliberate indifference" to his health and safety. Branham's allegations that the prison officials imposed various restraints on him does not suggest that the officials acted with deliberate indifference to his health or safety. Accordingly, we hold that the district court properly dismissed Branham's Eighth Amendment claim.

## CONCLUSION

For the reasons stated above, we affirm the district court's dismissal of Branham's Eighth Amendment claim, vacate the district court's dismissal of Branham's Fourteenth Amendment claim, and remand for further proceedings consistent with the foregoing.