101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carlos SAMPER, Plaintiff-Appellant,
v.
Catherine M. ABATE, Commissioner Department of Correctional
Service for the City of New York; Thomas A. Coughlin, III,
Commissioner Department of Correctional Services for the
State of New York; Robert B. Greifinger, Dr., Chief
Director, Health Service; A. Arevalo, Dr., Facility Health
Director; W. Wilkinson, Medical Examiner; John Doe, Health
Services Director-North Infirmary Command; John Doe, Health
Services Director, Brooklyn Correctional Facility; John
Doe, Health Services Director Manhattan Detention Complex,
Defendants-Appellees.
 No. 96-2097.
 United States Court of Appeals,
Second Circuit.
 July 11, 1996.
 
 Carlos Samper, pro se, Wallkill, NY, for Appellant.
 Richard A. Cardinale, Assistant Attorney General of the State of New York, New York City, for Appellees Coughlin & Greifinger.
 Kathleen Alberton, Assistant Corporation Counsel of the City of New York, New York City, for Appellee Abate.
 Present: MINER, JACOBS, PARKER, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was submitted.
 
 
 4
 Plaintiff-appellant Carlos Samper appeals pro se from a judgment entered in the United States District Court for the Southern District of New York (Mukasey, J.) dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(6). In the complaint, Samper alleged that defendants-appellees Catherine Abate, Commissioner of the New York City Department of Correctional Services ("NYCDOCS"), Thomas Coughlin, III, Commissioner of the New York State Department of Correctional Services ("DOCS"), Dr. Robert B. Greifinger, DOCS' Chief Director of Health Services, and various other individuals violated his civil rights under 42 U.S.C. § 1983.
 
 
 5
 Samper alleged that, prior to his incarceration, he had sustained a serious injury to his thumb and had begun physical therapy to rehabilitate his thumb when he was arrested, convicted, and sentenced to imprisonment. Samper contended that, throughout his incarceration at several different New York City and State facilities, he has been denied therapy for his thumb. Samper alleged that NYCDOCS and DOCS "both share a role in gross negligence while intentionally failing to perform a manifest duty in reckless disregard of the consequences as affecting the quality of life of Plaintiff." Samper also stated that both NYCDOCS and DOCS have a "policy not to provide treatment requested by Plaintiff." Samper sought $5 million in punitive and compensatory damages.
 
 
 6
 The complaint was served only on defendants-appellants Coughlin, Abate, and Greifinger. In March of 1995, these defendants all moved to dismiss the complaint on the ground that Samper had failed to allege that they were personally involved in the alleged failure to provide medical care. In opposition, Samper argued that the defendants' motions should be denied "on the basis of their gross negligence of their managing subordinates, who ... would be revealed through discovery in his complaint."
 
 
 7
 By Opinion and Order dated December 15, 1995, the district court granted the defendants' motions to dismiss the complaint. Accepting all of Samper's allegations as true, the district court found that "[t]he complaint in this case must be dismissed as to these defendants because it is silent as to what any of these three defendants--Abate, Coughlin, and Gr[ei]finger--did or failed to do." The district court noted that Samper's claim that the defendants' gross negligence " 'would be revealed through discovery' " was inappropriate because "[d]iscovery allows a party with an existing claim to obtain from his adversary information relating to that claim. It does not empower a plaintiff to embark on a treasure hunt to find a claim." By Order dated December 19, 1995, the district court dismissed the complaint as to the remaining defendants because they had not been served with the complaint. This appeal followed.
 
 
 8
 "In reviewing a 12(b)(6) dismissal, we must accept the material facts alleged in the complaint as true, and dismiss only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996) (quotations omitted). "While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, No. 95-9041, 1996 WL 282936, at * 1 (2d Cir. May 21, 1996).
 
 
 9
 We believe that the district court properly dismissed the complaint against Abate, Greifinger, and Coughlin. It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994) (quotations omitted). A supervisory defendant's personal involvement may be shown by evidence that:
 
 
 10
 (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.
 
 
 11
 Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995).
 
 
 12
 Samper's complaint is completely silent as to the roles of Abate, Greifinger, and Coughlin in the deprivation of his physical therapy. Samper does claim that NYCDOCS or DOCS has a "policy not to provide treatment requested by Plaintiff and necessary to regain the use of his limb." However, even if Samper intends to allege a general policy affecting all inmates, such a conclusory claim with no facts to support it would not suffice to show personal involvement on the parts of Abate, Greifinger, or Coughlin. Therefore, the district court properly dismissed the complaint against these defendants.
 
 
 13
 We also believe that the district court properly dismissed Samper's claims against the remaining defendants. Because the remaining defendants had never been served with the complaint, the district court lacked personal jurisdiction over them. Thus, dismissal was appropriate.