104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Lawrence G. SPAIGHT, Plaintiff-Appellant,
v.
Thomas COUGHLIN, Defendant-Appellee.
 No. 96-2117.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 Lawrence Spaight, pro se.
 Martin A. Hotvet, Asst. Attorney General, Albany, NY.
 Present: FEINBERG, CARDAMONE, McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Lawrence Spaight is currently serving a fifteen-year state prison sentence for second degree murder. An inmate counselor charged Spaight with making threats, in violation of N.Y. Comp.Codes R. & Regs. tit. 7, § 102.10, requesting or soliciting goods or services from another person, in violation of N.Y. Comp.Codes R. & Regs. tit. 7, § 103.20, and harassing an employee, in violation of N.Y. Comp.Codes R. & Regs. tit. 7, § 107.11. Awaiting a disciplinary hearing, Spaight was confined to the Special Housing Unit ("SHU") for eight days.
 
 
 4
 Spaight filed suit in the United States District Court for the Northern District of New York (McAvoy, C.J.) pursuant to 42 U.S.C. § 1983 arguing that his eight-day detention in SHU violated: (1) the Due Process Clause of the Fourteenth Amendment; and (2) the Cruel and Unusual Punishment Clause of the Eighth Amendment. The district court dismissed the complaint for failure to state a claim upon which relief can be granted. Spaight appeals.
 
 
 5
 We review de novo a district court's grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996). In doing so, we "accept as true the material facts alleged in the complaint and draw all reasonable inferences in plaintiff's favor." Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir.1995).
 
 
 6
 In light of the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293 (1995), we have held that New York regulations do not afford prisoners a liberty interest, protected by the Due Process Clause, in remaining free from SHU confinement prior to a disciplinary hearing, because such confinement does not impose atypical or significant hardship in relation to the ordinary incidents of prison life. Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir.1996). We have also held that a term of disciplinary segregation substantially longer than Spaight's, for disciplinary violations of comparable gravity, does not violate the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Sostre v. McGinnis, 442 F.2d 178, 192-94 (2d Cir.1971) (en banc), cert. denied, 404 U.S. 1049 (1972).
 
 
 7
 Because both of these issues are well settled in this Circuit, we affirm the district court's dismissal of Spaight's complaint.
 
 
 8
 We have considered all the arguments raised by Spaight and find them to be without merit.
 
 
 9
 Accordingly, the decision of the district court is AFFIRMED.