104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Peter C. FORMICA, Plaintiff-Appellant,
v.
TOWN OF HUNTINGTON and Highway Department of the Town of
Huntington, Defendants-Appellees.
 No. 96-7206.
 United States Court of Appeals, Second Circuit.
 Sept. 19, 1996.
 
 Appearing for Appellant: Peter C. Formica, pro se (East Northport, NY)
 Appearing for Appellees: Carol MacKenzie (Pearl & MacKenzie; Syosset, NY)
 Before OAKES, CALABRESI, Circuit Judges. and CONNER, District Judge.*
 
 
 1
 Peter C. Formica, pro se and fee paid, appeals from an order of the United States District Court for the Eastern District of New York (Ross, J.) dismissing his second amended complaint with prejudice for failure to state a claim upon which relief can be granted. Formica also moves in this Court for sanctions against the defendants. We affirm the district court's order.
 
 
 2
 On May 18, 1994, Formica, represented by counsel, filed a complaint against the Town of Huntington and the Highway Department of the Town of Huntington ("Highway Department"). On June 9, 1994, still represented by counsel, Formica filed an amended complaint. He alleged that, while he was working as a night guard for the Highway Department, he was transferred to a day guard position that had been created solely to harass him. Formica claimed that this action breached a collective bargaining agreement ("CBA"), between Local 342 of the Long Island Public Service Employees Union and Huntington, which governed his employment. Formica claimed that these actions violated his rights under the First Amendment, the Equal Protection Clause, and various state laws, and sought damages as well as declaratory and injunctive relief.
 
 
 3
 On June 23, 1994, defendants moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Formica responded to the motion and the defendants submitted a reply memorandum. By order filed March 8, 1995, the district court granted the motion to dismiss. It held, inter alia, that Formica had failed to allege that adverse action was taken against him pursuant to a municipal policy or custom. The court, however, gave Formica leave to replead within thirty days.
 
 
 4
 On March 31, 1995, Formica filed a second amended complaint. While this complaint for the most part alleged the same facts as his first amended complaint, it added a civil conspiracy claim. It stated that Naughton, the Superintendent of Highways, wanted to get rid of him because he had supported Naughton's opponent in a 1993 election and because he had publicized misdeeds by the Huntington government. Formica did not, however, name Naughton as a defendant. By memorandum and order filed January 23, 1996, the district judge granted defendants' renewed motion to dismiss. He also denied a motion for sanctions pursuant to Fed.R.Civ.P. 11 made by the defendant. The judge held that the second amended complaint was substantially identical to the first amended complaint, and thus should be dismissed for the reasons stated in the court's prior dismissal order. Formica, pro se, filed a timely notice of appeal.
 
 
 5
 This Court reviews de novo a district court dismissal for failure to state a claim. Branham v. Meachum, 77 F.3d 626, 628 (2d Cir.1996). "In reviewing a 12(b)(6) dismissal, [this Court] 'must accept the material facts alleged in the complaint as true,' and dismiss only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.' " Id. (citation omitted).
 
 
 6
 The district court properly dismissed Formica's complaint because he failed to allege that a municipal policy or custom was responsible for his wrongs. A municipality may only be found liable under § 1983 if the plaintiff was denied a constitutional right as a result of such a policy or custom. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); see also Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir.1995).
 
 
 7
 In the present case, Formica did not argue that he had been denied a constitutional right pursuant to an explicit municipal policy or custom. To the contrary, as noted by the district court, Formica claimed that he was transferred and terminated in violation of the CBA. Nor did Formica allege any facts suggesting that the complained-of actions were taken pursuant to an unwritten custom.
 
 
 8
 Formica's civil conspiracy claim fares no better. He contends that the district court failed to discuss this claim. But a civil conspiracy complaint under § 1983 against a municipality also requires allegations that constitutional rights were violated pursuant to an official policy or custom. Cf. Owens v. Hass, 601 F.2d 1242, 1247 (2d Cir.1979), cert. denied, 444 U.S. 980 (1979). Since Formica failed to allege any such municipal policy or custom, the district court's failure to discuss Formica's conspiracy claim was, at most, harmless error.
 
 
 9
 We express no opinion as to whether Formica's constitutional allegations might have been sufficient to survive a 12(b)(6) motion in a suit against individual government officials. Formica made no such claims either in his original complaint or in two subsequent amendments while represented by counsel. Under the circumstances there was no need for the district court to grant leave for a further amendment of Formica's complaint.
 
 
 10
 Formica's motions for sanctions are also without merit. Formica clearly cannot move this court to impose sanctions sua sponte. Nor may he ask this Court for sanctions under Fed.R.Civ.P. 11. Construing his motion as one pursuant to 28 U.S.C. § 1927 or this court's inherent authority, we deny the motion because his appeal is without merit and because he did not identify any behavior deserving sanctions.
 
 
 11
 We have examined all of Formica's contentions and find them to be without merit. The district court's order is therefore affirmed.
 
 
 
 *
 The Honorable William C. Connor, Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation