**Donna McGUIRE, Plaintiff–Appellant,**

v.

**Sheila WARREN and County
of Orange, Defendants–
Appellees.**

**No. 06–0135–cv.**

United States Court of Appeals,
Second Circuit.

Nov. 30, 2006.

Michael H. Sussman, Goshen, NY, for Plaintiff–Appellant.

Laura Wong–Pan, Senior Assistant County Attorney for David L. Darwin, County Attorney of Orange County, Goshen, NY, for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges, Hon. RICHARD M. BERMAN, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Donna McGuire appeals from the December 9, 2005 Opinion and Order of the district court (Conner, *J.*), granting the defendants-appellees' motion for judgment on the pleadings. On appeal, McGuire argues that the district court erred in dismissing her First Amendment retaliation claim and one of her due process claims. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

This court reviews *de novo* a district court's dismissal of claims pursuant to a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), applying the same standard applicable to a motion under Rule 12(b)(6). *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994). Under that standard, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Id.* at 150. Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We have repeatedly noted that "[i]t is important to recognize the difference between disposing of a case on a [motion to dismiss] and resolving the case later in the proceedings, for example by summary judgment." *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). "At the [motion to dismiss] stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" *Id.* (quoting *Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir.1996)); *see also Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995).

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

## A. The First Amendment Retaliation Claim ·

In order to prevail on a claim of retaliation in violation of the First Amendment under 42 U.S.C. § 1983, a public contractor, such as McGuire, must first show that: (1) she engaged in constitutionally protected speech because she spoke as a citizen on a matter of public concern; (2) she suffered an adverse employment action; and (3) the speech was a "motivating factor" in the adverse employment decision. *Skehan v. Village of Mamaroneck*, 465 F.3d 96, 106 (2d Cir.2006).

■ McGuire argues that the district court erred when it concluded that the speech which she identified in her complaint as the basis for the adverse employment action against her did not involve a matter of public concern. We agree with the district court that the August 2004 letter specifically identified in the complaint did not address a matter of public concern. It focused, instead, on an internal administrative matter that was not in and of itself of interest to the community at large. We therefore agree with the district court that it alone could not be the basis of a First Amendment retaliation claim.

■ The August 2004 letter may not be the only speech relevant to McGuire's claim, however. The complaint also discusses the parties' conflicting views on the proper method of providing certain kinds of educational services to children. And, it asserts (1) that McGuire's contract was terminated because of her speech on "the proper provision of educational services to special education classified students," Pl. Compl. at 9, ¶ 51, and (2) that "[d]efendants terminated plaintiff's contract because she engaged in protected speech in support of educational programs she believed necessary for those children she was

assigned to assist," *id.* at 7, ¶ 36. In light of the fact that the complaint adverted to such speech made at unspecified times from 2001 to 2004, it is possible to read the allegations in the complaint to allege that the adverse employment actions allegedly taken by the defendants against McGuire were in retaliation for statements she made more broadly about the provision of services to special needs children as a group, which might well be a matter of public interest. *See Hale v. Mann*, 219 F.3d 61, 71 (2d Cir.2000) (concluding that "the proper administration of State facilities for the incarceration of juveniles" was a matter of public concern); *Bernheim v. Litt*, 79 F.3d 318, 325 (2d Cir.1996) (same as to "statements regarding the quality of education provided by the public school as measured by achievement test scores").

Nevertheless, the complaint as filed did not include allegations that McGuire was speaking as a citizen when she engaged in her alleged protected speech. Her allegations assert, instead, that the she was acting pursuant to her responsibilities as a contractor at the time of the particular speech she identifies in the complaint. In *Garcetti v. Ceballos*, —— U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), which was decided after the complaint was filed and the motion for judgment on the pleadings was granted by the district court, the Supreme Court decided: "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 1959. For that reason alone, the district court's judgment on the pleadings was, on the basis of *Ceballos*, proper.

■ McGuire might be able to amend her complaint in light of *Ceballos* to include specific allegations as to specific statements she may have made about a

matter of public concern as a private citizen that were a "motivating factor" for the alleged adverse employment action against her; indeed, McGuire's counsel asserted at oral argument that she could add such allegations if given the opportunity. We therefore vacate the judgment of the district court and remand the matter to the district court solely for the purpose of permitting McGuire to make, within 45 days of the issuance of the mandate herein, a motion to serve and file an amended complaint pursuant to Federal Rule of Civil Procedure 45 ("leave shall be freely given when justice so requires"); *cf. Jones v. N.Y. State Div. of Military & Naval Affairs,* 166 F.3d 45, 50 (2d Cir.1999) (noting that a district court may deny leave to amend on grounds of futility). We need hardly add that we conclude here that McGuire should be given the opportunity to replead the facts as she believes them to be in order to attempt to meet the change in applicable law since she filed her complaint, but not to change her belief as to the facts in order to meet the thrust of this order.

### B. The Due Process Claim

McGuire also contends that the e-mail sent by the defendants that announced her without-cause termination was stigmatizing, and thereby deprived her of her liberty interest without due process. We have held that, in order to prevail on such a claim, "a plaintiff must establish that the information [disseminated by the government] was stigmatizing, false, and publicized by the state actor." *Kelly Kare, Ltd. v. O'Rourke,* 930 F.2d 170, 177 (2d Cir.1991). McGuire has failed to allege that any of the information contained in the e-mail was actually false. Rather, McGuire has argued that the e-mail's subject heading and its wide distribution created an *implication* which was false. The alleged false implication, however, is simply innuendo, which we have

held to be insufficient to support a liberty-interest claim. *See id.* at 177. As a result, even if McGuire could produce evidence that, due to the e-mail's subject heading and wide distribution, people drew the inference that the appellant had acted improperly or violated her contract with the county and that those inferences stigmatized her, that would not permit her to prevail on her liberty-interest claim. Accordingly, we conclude the district court properly granted the motion to dismiss with respect to this claim. The judgment of the district court pertaining to the due process claims therefore is affirmed.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this opinion.