**Nick WHITE, Plaintiff,**

v.

**Martel MOYLAN, Melissa Bilodeau, Carolyn Hill, and Macys's Department Store, Defendants.**

**Civil No. 3:07CV1794(AWT).**

United States District Court, D. Connecticut.

May 20, 2008.

Nick White, Enfield, CT, pro se.

Kristan M. Maccini, Thomas R. Gerarde, Howd & Ludorf, Hartford, CT, Kirby G. Huget, Gasser & Huget, Avon, CT, for Defendants.

### RULING ON MOTION TO DISMISS

ALVIN W. THOMPSON, District Judge.

■ *Pro se* plaintiff Nick White ("White") brought this action against defendants Martel Moylan ("Moylan"), Melissa Bilodeau ("Bilodeau"), Carolyn Hill ("Hill") and Macy's Department Store ("Macy's"), alleging, *inter alia*, a violation of 42 U.S.C. § 1983.[1] Pursuant to Fed.

---

1. In his *pro se* complaint, White stated that he is suing "State, county, or city employees for violating my federal rights under 1983/1985/1986." (Compl. (Doc. No. 3) at 2). However, White never alleges that the defendants engaged in a conspiracy that was motivated by invidious discriminatory animus. Thus, he fails to state a claim upon which relief can be granted under 42 U.S.C.1985(3). *See Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1088 (2d Cir.1993) ("the conspiracy must also be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." "). Because the plaintiff has failed to state a valid § 1985 claim, he cannot state a claim for relief under 42 U.S.C. § 1986, which provides a cause of action against anyone who has the power to prevent a conspiracy under § 1985 and neglects to do so. *Id.* ("a § 1986 claim must be predicated upon a valid § 1985 claim."). It also appears from the complaint that the plaintiff seeks to assert state law claims for, *inter alia*, false arrest, false imprisonment, malicious prosecution, intentional and/or neg-

R.Civ.P. 12(b)(2) and 12(b)(1), Macy's has moved to dismiss this action for lack of personal jurisdiction and lack of subject matter jurisdiction. However, although Macy's moves to dismiss the plaintiff's complaint, its memorandum addresses only the plaintiff's § 1983 claim. For the reasons set forth below, Macy's motion is being granted, but the plaintiff is being granted leave to replead.

## I. FACTUAL ALLEGATIONS

For purposes of this motion, the court takes the following factual allegations set forth in the Complaint as true.

On November 17, 2006, Bilodeau and Hill, who worked as security directors at Macy's, accused White of shoplifting items from Macy's. Officer Moylan from the Enfield Police Department was dispatched to the store. The security directors and the officer reviewed the store's surveillance footage, which showed White entering the store with two bags. These two bags contained expensive merchandise along with the receipts for those items. The security directors and the officer switched White's property with other merchandise from Macy's and accused White of shoplifting. White was charged with larceny in the fourth degree. On August 22, 2007, the charge was dismissed.

## II. LEGAL STANDARD

### A. Fed.R.Civ.P. 12(b)(2)

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Metropolitan Life Insurance Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996). "Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written

materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir.1993).

### B. Fed.R.Civ.P. 12(b)(1)

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir.2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

The standards for dismissal under Fed R. Civ. P. 12(b)(1) and 12(b)(6) are identical. *See Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir.2003). When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40

ligent infliction of emotional distress, assault, and battery. (*See* Compl. at 7, 9).

L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn.1999), quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683). In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993).

When considering the sufficiency of the allegations in a *pro se* complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers...." *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *See also Branham v. Meachum,* 77 F.3d 626, 628–29 (2d Cir.1996). The court should interpret the plaintiff's complaint to raise the strongest arguments that it suggests. *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

## III. DISCUSSION

### A. Motion to Dismiss for Lack of Personal Jurisdiction

■ Macy's moves to dismiss this action for lack of personal jurisdiction because there is no legal entity known as "Macy's Department Store," the named defendant in this action. Macy's has submitted an affidavit from Louise Kusnierz ("Kusnierz"), the operations manager for the Macy's store in Enfield. Kusnierz avers that "[a]lthough Macy's East, an Unincorporated Division of Macy's Retail Holdings, Inc. owns and operates retail stores in Connecticut, there is no legal entity known as 'Macy's Department Store.'" (Def.'s Mot., (Doc. No. 30), Ex. A. at ¶ 3). She also avers that "'Macy's Department Store' does not own or control a store at Enfield Mall in Enfield, Connecticut. On November 17, 2006, the store was owned and controlled by an entity known as Macy's East, an Unincorporated Division of Federated Retail Holdings, Inc." (*Id.* at ¶ 4). Because the court lacks personal jurisdiction over an entity that does not exist, the defendant's motion to dismiss on this basis is being granted with leave to file an amended complaint correctly stating the defendant's legal name.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

■ The plaintiff brings claims against Macy's pursuant to § 1983, alleging violations of his constitutional rights under the Fourth and Fourteenth Amendments. Under § 1983, an individual may bring an

action against any person, who under color of state law, deprives him or her of any rights, privileges, or immunities protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metropolitan Life Insurance Co.*, 316 F.3d 308, 312 (2d Cir.2003). The Second Circuit has stated:

> In order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be fairly attributable to the state. Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. State action may properly be found where the state exercises coercive power over, is entwined in [the] management or control of, or provides significant encouragement, either overt or covert to, a private actor, or where the private actor operates as a willful participant in joint activity with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies.

*Tancredi*, 316 F.3d at 312–313 (internal citations and quotation marks omitted). Here, Macy's argues that the court lacks subject matter jurisdiction over the plaintiff's § 1983 claim because the plaintiff has not alleged that Macy's acted under color of state law or that it exercised power possessed by virtue of state law.

Although "[g]enerally, the acts of private security guards, hired by a store, do not constitute state action under § 1983", there are two circumstances in which courts have held that the actions of private security guards do constitute state action. *Josey v. Filene's, Inc.*, 187 F.Supp.2d 9, 16 (D.Conn.2002). "First, private guards may be sued when they are given the authority of state law. Second, security guards are considered to be acting under state law if they are willful participants in the joint activity of the State or its agents." *Id.* (internal citations and quotation marks omitted). However, "courts within the Second Circuit have repeatedly held that store security personnel are not state actors when they detain or call for the arrest of suspected shoplifters." *Jones v. J.C. Penney's Dept. Stores, Inc.*, 2007 WL 1577758 at *7 (W.D.N.Y.2007) (collecting cases).

Although White does not allege that the security directors at Macy's were given authority of state law, he does set forth allegations from which a reasonable inference can be drawn that they operated as willful participants in a joint activity with a state agent. Specifically, White alleges that "Melissa Bilodeau and Carolyn Hill security directors along with Officer Martel learned that the [plaintiff's] two bags had (high priced) merchandise and switched the [plaintiff's] merchandise with the stores merchandise only to say that the [plaintiff] was shoplifting in the Macy's department store." (Compl. at 9). Thus, the plaintiff alleges that the security directors did more than simply detain the plaintiff and call for his arrest and also that the officer did more than simply apprehend White upon his arrival. The plaintiff alleges that the security directors wilfully participated with a state agent in fabricating a reason to arrest White for shoplifting. Although "[a] mere conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity," *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir.2002), the plain-

tiff's allegations are not merely conclusory. White has set forth specific facts that, if true, would support a finding that the private security directors employed by Macy's were willful participants in joint activity with a state actor. Construing the *pro se* plaintiff's complaint liberally and accepting all of the allegations set forth therein as true, as the court must do when deciding a motion to dismiss, the court concludes that the plaintiff has sufficiently alleged that the security directors employed by Macy's acted under the color of state law.

■ However, Macy's cannot be held vicariously liable under § 1983 for the constitutional torts of its employees based on a theory of respondeat superior. *See Rojas v. Alexander's Department Store, Inc.,* 924 F.2d 406, 408 (2d Cir.1990) (citations omitted) ("Private employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official ... policy of some nature caused a constitutional tort.'"); *Mejia v. City of New York,* 228 F.Supp.2d 234, 243 (E.D.N.Y. 2002) ("[N]either a municipality nor a private corporation can be held vicariously liable under § 1983 for the actions of its employees."). Therefore, assuming *arguendo* that the security directors employed by Macy's acted under color of state law, Macy's cannot be held liable for constitutional torts committed by them unless the plaintiff can establish that Macy's deprived him of his constitutional rights by virtue of an official policy or custom of the corporation. *See Monell v. New York Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (It is only "when the execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the govern-

ment as an entity is responsible under § 1983."); *Rojas,* 924 F.2d at 408–09 (applying *Monell's* rationale to private employers). Because the plaintiff fails to set forth any facts alleging that Macy's caused the alleged constitutional violation by its security directors, the court is granting Macy's motion to dismiss the plaintiff's § 1983 claim against it, with leave to replead.

In an order dated May 7, 2008, the court dismissed without prejudice this case as to Hill and Bilodeau because the plaintiff failed to provide the court with the addresses for service for either defendant as directed by the court. (*See* Order (Doc. No. 29)). Therefore, the security director defendants are no longer parties in this case. At this time, the plaintiff has federal and state law claims against Moylan and state law claims against Macy's remaining in the case.

## IV. CONCLUSION

For the reasons set forth above, Defendant Macy's Department Store's Motion to Dismiss (Doc. No. 30) is hereby GRANTED, with leave to replead within 30 days being granted to the plaintiff.

It is so ordered.