Matthew **FERMIN**, **et al., Plaintiffs,**

v.

**PFIZER INC., Defendant.**

**15 CV 2133 (SJ) (ST)**

United States District Court,
E.D. New York.

Signed October 14, 2016

Filed October 18, 2016

LEE LITIGATION GROUP, PLLC, 30 East 39th St. Second Floor, New York, NY 10016, By: C.K. Lee, Anne Seelig, Attorneys for Plaintiffs

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, 4 Times Square, New York, New York 10036, By: Thomas E. Fox, John H. Beisner, Jessica D. Miller, Geoffrey M. Wyatt, Attorneys for Defendant

## MEMORANDUM AND ORDER

Sterling Johnson, Jr., Senior U.S.D.J.

Plaintiffs Matthew Fermin, Lichun Huo, Josefina Valdez, and Adriana Sousa ("Plaintiffs") bring this action against Defendant Pfizer Incorporated ("Pfizer" or "Defendant") pursuant to the Federal Food Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 352 et seq., and New York, Florida and California state consumer laws. In short, in this "slack-fill" case, Plaintiffs allege that they were tricked into purchasing the over-the-counter ("OTC") medicine Advil® ("Advil") due to the size of Advil's packaging. Plaintiffs define slack-fill as excessive empty space; non-functional slack-fill is the difference between the actual capacity of a container and the volume of product contained within. (See Amended Complaint ("Complaint") ¶ 31 (emphasis in the original).) Plaintiffs propose a consumer class action "to stop Defendant's misleading practice." (Complaint ¶ 10.)

The Complaint asserts that the Court has jurisdiction over the federal claims alleged within the Complaint, pursuant to 28 U.S.C. § 1331. (See id. at 12.) In addition, Plaintiffs contend this is a diversity action pursuant to the Class Action Fairness Act ("CAFA") of 2005, P.L. 109–002, § (4)(a)(1). See 28 U.S.C. § 1332(d). Because Plaintiffs have withdrawn their claim that federal jurisdiction is proper, this action is based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Presently before this Court are Defendant's Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant's Motion to Strike Plaintiff's nationwide class claims. Defendants argue the Complaint should be dismissed on several grounds: (1) Plaintiffs fail to sufficiently allege injury, misrepresentation, causation or reliance; (2) Plaintiffs' claims for negligent-misrepresentation and unjust enrichment fail; and (3) all of Plaintiffs' claims are preempted. For the reasons stated herein, the Motion to Dismiss is GRANTED and the case is DISMISSED.

## DISCUSSION

### A. Plaintiffs' claims are not plausible as a matter of law.

■ In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim, the Court must accept the factual allegations asserted in the complaint as true and must draw all reasonable inferences in favor of the Plaintiff. See Perez v. Hawk, 302 F.Supp.2d 9, 16 (E.D.N.Y. 2004). At the 12(b) stage, "[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quotations omitted).

In order to state a claim on which relief can be granted, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level" and make the claim at least "plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Plausibility ... depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." L–7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir.2011). The Court is not required to credit conclusory allega-

tions or legal conclusions couched as factual allegations. See, e.g., Twombly, 550 U.S. at 555, 557, 127 S.Ct. 1955.

■ To prevail on their consumer fraud claims under New York, Florida and California law, Plaintiffs must establish that Pfizer's allegedly misleading packaging was "likely to mislead [or deceive] a reasonable consumer acting reasonably under the circumstances." See, e.g., Fink v. Time Warner Cable, 714 F.3d 739,741 (2d Cir. 2013); Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995); Zlotnick v. Premier Sales Grp., Inc., 480 F.3d 1281, 1284 (11th Cir. 2007) (emphasis added). The term "likely" indicates that deception must be probable, not just possible. McKinniss v. Sunny Delight Beverages Co., No. CV 07–02034–RGK (JCx), 2007 WL 4766525, at *3 (C.D. Cal. Sept. 4, 2007). It is well settled that a court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. See Freeman, 68 F.3d at 289. In determining whether a reasonable consumer would be misled by the size of the packages, the Court must consider "the entire context of the [package]." See Carolyn Sitt, et al., v. Nature's Bounty, et al., No. 15–CV–4199 (MKB), 2016 WL 5372794, at *8 (E.D.N.Y. Sept. 26, 2016) (internal citations omitted).

■ Here, each of the packages in Plaintiffs' Complaint clearly display the total pill-count on the label. (See Complaint at ¶ 3 and Plaintiffs' Exhibits ("Exs.") A, B.[1]) Nevertheless, "Plaintiffs and the members of the Class did not rely on the labeling specifying the number of ibuprofen pills in the Products, but rather relied on the sizes of the packaging and dispensing bottles, which led them to have an

---

1. On a motion to dismiss, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be

taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v.

expectation that the entire volume of the packaging would be filled to capacity with pills." (Complaint ¶ 37.)

Plaintiffs provide no basis for disregarding the clearly stated pill-counts on the labels, nor do they dispute the fact that the tablet-count is clearly and prominently displayed on each of the labels. Plaintiffs' own exhibits show that the labels plainly negate any supposed "reliance" on the size of the packaging as it is impossible to view the products without also reading the total number of pills contained in each package. (See Exs. A, B.) It defies logic to accept that the reasonable consumer would not rely upon the stated pill count. See Fink, 714 F.3d at 741; Freeman, 68 F.3d at 289. Plaintiffs cannot show that they did not receive the total number of pills listed in each package, and admit as much. (See Plaintiffs' Opposition to Defendant's Motion to Dismiss, p. 16.)

This Court finds, as a matter of law, that it is not probable or even possible that Pfizer's packaging could have misled a reasonable consumer. Plaintiffs seek to be protected under packaging laws but to dispense with reading the package. The suggestion that such laws should cover their failure to read an unambiguous tablet-count does not pass the proverbial laugh test. In sum, Plaintiffs' claims amount to "non-actionable puffery," and are unreasonable as a matter of law. See Haskell v. Time, Inc., 857 F.Supp. 1392, 1396 (E.D. Cal. 1994); L–7 Designs, Inc., 647 F.3d at 430.

### B. Plaintiffs' claims fail for lack of subject matter jurisdiction.

■ In any event, Plaintiffs' claims fail for lack of subject matter jurisdiction.

■ To bring suit in federal court under CAFA, plaintiffs must: (1) meet all FRCP 23(a)(1) requirements; (2) the class must be more than 100 members; (3) any class member must be diverse from any defendant; and (4) damages must exceed 5 million dollars total. See 28 U.S.C. § 1332(d). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiffs here have failed to meet their burden because they cannot satisfy the amount-in-controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332(d)(2).

■ "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls... It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Here, Plaintiffs received exactly what they paid for and suffered no loss. See, e.g., Krouch v. Wal–Mart Stores, Inc., No. 12–cv–02217–YGR, 2014 WL 5463333 at *4–5, *7–8, 2014 U.S. Dist. LEXIS 152755 at *12–14, *21–24 (N.D. Cal. Oct. 28, 2014) ("[P]laintif's causes of action [under California laws] require her to demonstrate [that] she suffered harm[.]"); Prohias v. Pfizer, Inc., 485 F.Supp.2d 1329, 1335–36 (S.D. Fla. 2007) ("[T]o state a claim under [Florida law, Plaintiff] must allege, at a minimum, that she has been aggrieved."); see also New York General Business Law ("N.Y. G.B.L.") § 349(h) (only a person "who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlaw-

Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citation omitted).

ful act or practice."); <u>Porwick v. Fortis Benefits Ins. Co.</u>, No. 99 CV 10122 (GBD), 2004 WL 2793186, at *4 (S.D.N.Y. Dec. 6, 2004) (dismissing claim for injunctive relief under N.Y. G.B.L. § 349(h) where "plaintiff received what he bargained for, and hence suffered no actionable injury.").

Since no Plaintiff would be able to prove damages under the facts pleaded here, they are unable to meet the jurisdictional amount. Therefore, the suit is dismissed. <u>St. Paul Mercury Indem. Co.</u>, 303 U.S. at 289, 58 S.Ct. 586.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED and the case is DISMISSED. The Clerk of Court is directed to enter a final judgment of dismissal.

SO ORDERED.