07-1547-pr
Sledge v. Kooi

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

---

August Term, 2008

(Submitted: November 21, 2008          Decided: February 17, 2009
                                         Amended: April 28, 2009)

Docket No. 07-1547-pr

---

Ronnie Sledge,

*Plaintiff-Appellant*,

– v. –

Pang L. Kooi,

*Defendant-Appellee*.[*]

---

Before: McLAUGHLIN, CALABRESI, and LIVINGSTON, *Circuit Judges*.

Appellant argues that the District Court erred in granting summary judgment to Defendant and dismissing Appellant's 42 U.S.C. § 1983 complaint. The judgment of the District Court is AFFIRMED.

> RONNIE SLEDGE, *pro se*, Auburn, N.Y., *for Plaintiff-Appellant*.
>
> KATE H. NEPVEU, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, *on the brief*), *for* Andrew M.

---

[*] The Clerk of Court is directed to amend the official caption as set forth above.

Cuomo, Attorney General of the State of New York, Albany, N.Y., *for Defendant-Appellee.*

PER CURIAM:

Ronnie Sledge appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) granting Dr. Pang L. Kooi's motion for summary judgment and dismissing Sledge's complaint raising claims under 42 U.S.C. § 1983. Sledge's complaint alleged that Kooi had violated his Eighth Amendment rights while Sledge was incarcerated at the Auburn Correctional Facility.[1] The District Court adopted the Magistrate Judge's conclusion that there was no basis to find that Kooi was deliberately indifferent to a serious medical need. In doing so, the District Court also adopted the Magistrate Judge's revocation of Sledge's special status as a *pro se* litigant. For the reasons that follow, we find that the District Court properly granted Kooi's motion for summary judgment and dismissed Sledge's complaint. We write, however, to advise district courts as to the proper means of approaching *pro se* litigants who are repeat filers.

## BACKGROUND

In May 2005, Sledge, *pro se* and incarcerated, filed a second amended complaint pursuant to 42 U.S.C. § 1983. This complaint alleged, *inter alia*, that Defendant Kooi had violated Sledge's Eighth Amendment rights by refusing to provide him with proper medical treatment for eczema, back pain, various stomach disorders, allergies, and asthma. Kooi answered, denying the material allegations and raising, *inter alia*, the defense of qualified immunity.

---

[1] Sledge also raised First and Fourteenth Amendment claims in his complaint, but he has not raised these claims on appeal. We therefore deem these claims abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

On February 14, 2006, Sledge moved to compel the production of his medical records for the years 1999 through 2005. Kooi opposed the motion, explaining that Sledge had already been informed that his medical records were available from the medical department at his detention facility. When Kooi moved for summary judgment in July 2006, he provided Sledge and the District Court with copies of Sledge's medical records from October 2002 through March 2005. In August 2006, the Magistrate Judge (Lowe, *M.J.*) ordered Kooi to produce Sledge's medical records for inspection at Sledge's correctional facility, as Kooi had indicated was possible.

As previously noted, Kooi moved for summary judgment in July 2006. Kooi's motion was supported by, *inter alia*, an affidavit of Kooi, Sledge's medical records from October 2002 through March 2005, and a statement of material facts as required by the Northern District's Local Rule of Practice 7.1(a)(3). As required by N.D.N.Y. R. Civ. P. 56.2, the accompanying notice of motion explicitly advised Sledge of his obligations pursuant to Fed. R. Civ. P. 56 and N.D.N.Y. R. Civ. P. 7.1(a)(3).[2] In his opposition papers responding to Kooi's motion for summary judgment, Sledge provided a "statement of facts" that tracked, in substantial part, the allegations set forth in his second amended complaint. It also added numerous allegations regarding events that occurred subsequent to the incidents underlying the complaint and, indeed, the filing of the complaint. Sledge's response, however, made no mention of Kooi's statement of material facts, included essentially no references to the record, and was supported only by Sledge's signed "declaration" detailing his various maladies

[2] In 2006, Fed. R. Civ. P. 56 required Sledge, when opposing a motion for summary judgment, to rely not "upon the mere allegations" of his complaint, but rather to "set forth specific facts showing that there is a genuine issue of material fact" through affidavits and reference to the results of discovery. N.D.N.Y. R. Civ. P. 7.1(a)(3), in turn, required Sledge to respond to each of the assertions made in Kooi's statement of material facts with specific reference to the record and indicated that "any facts set forth [therein] shall be deemed admitted unless specifically controverted" by Sledge.

as well as indicating that Kooi had declined to prescribe desired medication and, on occasion, had threatened Sledge.

On February 12, 2007, the Magistrate Judge recommended that Kooi's motion for summary judgment be granted. The Magistrate Judge began by stating that, while the court generally affords special solicitude to *pro se* litigants, "there are circumstances where an overly litigious inmate, who is quite familiar with the legal system and with pleading requirements, may not be afforded [this] special solicitude." The Magistrate Judge explained that the "rationale for this revocation of special status . . . is not that the *pro se* litigant should be punished but that his excessive litigiousness demonstrates his *experience*, the lack of which is the reason for conferring the special status upon *pro se* litigants in the first place." Applying this analytical framework, the Magistrate Judge noted that Sledge had filed at least twelve other federal or state court actions or appeals, that he had been victorious or partially victorious in at least three of these, and that among the partial victories was a successful opposition of the dismissal upon summary judgment of a claim for deliberate indifference in violation of the Eighth Amendment, the exact scenario presented in this case. The Magistrate Judge further observed that Sledge's papers in his past actions, as well as the present one, were "fairly good." On this basis, the Magistrate Judge revoked Sledge's special status as a *pro se* litigant "for the remainder of this action."

The Magistrate Judge then noted that Kooi had filed a N.D.N.Y. R. Civ. P. 7.1(a)(3) statement, but that Sledge had failed to file a N.D.N.Y. R. Civ. P. 7.1(a)(3) response. The Magistrate Judge therefore took the facts set forth in Kooi's statement as true to the extent supported by the record and not specifically controverted by Sledge.

Turning to the merits of Sledge's claims, the Magistrate Judge found that Sledge had failed

to establish an Eighth Amendment claim, and that it was therefore unnecessary to determine whether Kooi was entitled to qualified immunity. The Magistrate Judge also recommended dismissal of other claims in the complaint, which are not at issue in this appeal. Sledge objected to the Magistrate Judge's Report & Recommendation. By decision and order dated March 28, 2007, the District Court adopted the Magistrate Judge's findings and granted Kooi summary judgment.

## DISCUSSION

On appeal, Sledge argues that the District Court erred in adopting the Magistrate Judge's determination that Sledge's special status as a *pro se* litigant should be revoked. He further contends that he established a valid Eighth Amendment claim and that Kooi is not entitled to qualified immunity. Finally, he asserts that he was unaware of the requirement that he file a response to Kooi's statement of material facts, and that, even if he had been aware of that requirement, he was prevented from complying with that mandate by Kooi's failure to produce his medical records for inspection.

We review the District Court's grant of summary judgment *de novo*. *Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir. 2000). Summary judgment is warranted when, after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50, 255 (1986).

We take Sledge's second claim first, because it is dispositive of this appeal. A *de novo* review of the record reveals that Kooi was entitled to judgment as a matter of law. To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834-40

(1994). Sledge failed to produce sufficient evidence that any one of the conditions complained of qualified as a "serious medical need." *Cf. Chance v. Armstrong*, 143 F.3d 698, 702-03 (2d Cir. 1998) (finding that an unresolved dental condition, which caused the petitioner great pain, difficulty eating, and deterioration of the health of his other teeth, was sufficiently serious under the Eighth Amendment). Moreover, even assuming that, when taken together, Sledge's skin, back, stomach, and other alleged ailments constituted a "serious medical need," Sledge has failed to allege any facts indicating that Kooi was deliberately indifferent to this need.

Similarly, Sledge's argument that he could not properly oppose the summary judgment motion without reviewing his medical records is meritless. Sledge, in fact, had access to his medical records covering the period from October 2002 to March 2005. Indeed, these records were attached to Kooi's summary judgment motion. Sledge has failed entirely to explain how the inability to review any remaining records prejudiced him in any way.

Notwithstanding our conclusion that Sledge's appeal must fail, we write additionally to give guidance—hortatory in nature—to district courts facing *pro se* litigants who are repeat filers. We note approvingly that the Magistrate Judge expressly indicated that he did not intend to punish Sledge for excessive litigiousness, but rather merely to charge him with the responsibilities accompanying his manifest experience with civil litigation. We also find commendable the Magistrate Judge's careful analysis of Sledge's previous experience not only with civil litigation in general, but also with the particular procedural context in which Sledge appeared before the Magistrate Judge. We cannot agree, however, with the Magistrate Judge's ultimate conclusion that Sledge's previous experience with civil litigation justified depriving him of the special solicitude with which we approach *pro se* litigants for the entirety of the action.

In reaching this conclusion, the Magistrate Judge relied on our decision in *Davidson v. Flynn*, 32 F.3d 27 (2d Cir. 1994), which involved a sparsely pleaded claim. In that case, this Court noted that, "such sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action." *Id.* at 31. Given that the plaintiff was "extremely litigious" and "quite familiar with the legal system and with pleading requirements," however, this Court found that such sparse pleadings "render[ed] his due process claim insufficient." *Id.*

Were it necessary to reach this issue, we might conclude that *Davidson* should not be read as endorsing general withdrawal of the solicitude ordinarily afforded *pro se* litigants from a litigious complainant, at least absent a stronger showing than was present here that a *pro se* litigant has truly acquired the relevant experience. Instead, we might conclude that, pursuant to *Davidson*, it is appropriate to charge a *pro se* litigant with knowledge of, and therefore withdraw special status in relation to, particular requirements with which he is familiar as a result of his extensive prior experience in the courts. Accordingly, it is our recommendation that, when a court considers whether to withdraw a *pro se* litigant's special status, it should consider not only that litigant's lifetime participation in all forms of civil litigation, but also his experience with the particular procedural setting presented. Absent a strong showing that a *pro se* litigant has acquired adequate experience more generally, so as to render special solicitude unnecessary and potentially inappropriate, a court would do well to limit the withdrawal of special status to specific contexts in which the litigant's experience indicates that he may be fairly deemed knowledgeable and experienced.

Were we to reach this question, we might conclude that the broad revocation of Sledge's

special status as a *pro se* litigant was unwarranted. It is a close question whether a party who, like Sledge, merely has appeared in approximately a dozen federal and state actions and has demonstrated minimal competence therein can, without additional evidence of extensive participation in many facets of civil litigation, be reasonably charged with knowledge of every requirement thereof. Had the Magistrate Judge only withdrawn Sledge's special status in relation to the requirements of opposing a motion for summary judgment, we might find such a decision to be appropriate. As he did not do so and resolution of that issue would not affect our ultimate conclusion, however, we need not determine here whether Sledge's experience with that particular procedural context was sufficient to support a limited withdrawal of special status, and we note, once again, that our foregoing discussion of *Davidson* and the revocation of a *pro se* litigant's special status is only suggestive.

**CONCLUSION**

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.