SUMMARY ORDER
Reino de España (“Spain”) sued defendants ABSG Consulting, Inc., et al. (“ABS”) under American general maritime and Spanish law for damages resulting from the M.T. Prestige oil spill. Spain now appeals an award of summary judgment based on the district court’s ruling that the International Convention on Civil Liability for Oil Pollution Damage, 973 U.N.T.S. 3, Nov. 29, 1969, as amended, 1956 U.N.T.S. 255, Nov. 27, 1992, (“the CLC”) deprived it of subject matter jurisdiction. See Reino de Espana v. Am. Bureau of Shipping, Inc., 528 F.Supp.2d 455 (S.D.N.Y.2008). ABS cross-appeals the district court’s August 4, 2004 dismissal of its counterclaims for indemnity and contribution as barred by the Foreign Sovereign Immunities Act (“FSIA”). See Reino de Espana v. Am. Bureau of Shipping, Inc., 328 F.Supp.2d 489 (S.D.N.Y.2004), reconsideration granted in part, No. 03 Civ. 3573, 2006 WL 2034632 (S.D.N.Y. July 14, 2006). We review the district court’s summary judgment award and the legal conclusions underlying its 12(b)(1) dismissal de novo; we review its 12(b)(1) factual findings for clear error. See Sledge v. Kooi, 564 F.3d 105, 108 (2d Cir.2009); Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir.2006). In so doing, we assume the parties’ familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.
1. Spain’s Appeal
Spain principally contends that the CLC cannot divest a federal court of subject matter jurisdiction because the United States has not ratified that treaty. We agree.[2] See generally Medellin v. Texas, 552 U.S. 491, 128 S.Ct. 1346, 1356 & n. 2, 170 L.Ed.2d 190 (2008) (presuming treaty’s ratification when discussing its effect on domestic law).
That does not mean, however, that the district court is required here to exercise its jurisdiction. On remand, it may consider whether principles of forum non conve-niens or international comity support a discretionary decision not to exercise jurisdiction. See generally USHA (India), Ltd. v. Honeywell Int’l, Inc., 421 F.3d 129, 134 (2d Cir.2005) (describing three-step forum non conveniens analysis); JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 423-24 (2d Cir.2005) (describing discretionary doctrine of international comity). ABS’s willingness to stipulate to personal jurisdiction *385 in an alternative forum is a relevant factor to any decimation of jurisdiction. See Jota v. Texaco, Inc., 157 F.3d 153, 159 (2d Cir.1998) (holding that dismissal for forum non conveniens was not appropriate absent defendant’s willingness to submit to jurisdiction of foreign court); id. at 160 (stating that court contemplating comity-based dismissal “should normally consider whether an adequate forum exists in the objecting nation and whether the defendant sought to be sued in the United States forum is subject to or has consented to the assertion of jurisdiction against it in the foreign forum”).[3] So too is the possible inequity of a discretionary dismissal at this stage of the litigation. Cf. Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 984 (2d Cir.1993) (considering “delay[ed]” nature of forum non conveniens dismissal when conditioning it to protect intervenors’ interests).
If the district court concludes that dismissal under forum non conveniens or international comity is not warranted, it should then conduct a conflicts-of-law analysis to determine which law governs this ease. See Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co., 426 F.3d 580, 586-88 (2d Cir.2005) (holding that Korean law governs); Carbotrade S.p.A. v. Bureau Veritas, 99 F.3d 86, 89-93 (2d Cir.1996) (holding that Greek law governs).
We need not, however, pursue the matter further. We conclude only that the district court erred in holding that the CLC deprived it of subject matter jurisdiction and we vacate its decision on that ground alone.[4]
2. ABS’s Cross-Appeal
In ruling that ABS’s counterclaims for indemnity and contribution[5] did not satisfy the advanced FSIA counterclaim exception, see 28 U.S.C. § 1607(b), the district court principally reasoned that AB S’s pursuit of declaratory relief was sufficiently different in kind from Spain’s action because ABS sought “indemnification and contribution for judgments it has not yet incurred, in favor of parties not yet identified, on the basis of claims not yet plead.” *386 Reino de Espana v. Am. Bureau of Shipping, Inc., 328 F.Supp.2d at 494.[6]
We disagree. While ABS’s counterclaims, if found to be unduly speculative, may be subject to dismissal on ease- or-controversy grounds, see Olin Corp. v. Consol. Aluminum Corp., 5 F.3d 10, 17 (2d Cir.1993) (holding that CERCLA claim seeking declaratory determination of future indemnity rights was not actionable because it was “speculative”), that possibility does not mean that they do not bear a “ ‘logical relationship’ ” to the transaction or occurrence that is the “ ‘subject matter of [Spain’s] claim,’ ” Cabiri v. Gov’t of the Republic of Ghana, 165 F.3d 193, 197 (2d Cir.1999) (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir.1979)). Spain’s suit against ABS raises questions of its alleged contributory negligence in handling the Prestige disaster — questions that implicate the extent of Spain’s duties to vessels in distress, and the extent to which its alleged breach of those duties caused or exacerbated its damages. ABS’s counterclaims raise similar, if not identical, issues of duty and causation, and it is therefore sensible, as a matter of fairness and judicial efficiency, to adjudicate them in tandem with Spain’s claims. See id. (observing that “transaction or occurrence” standard, which has been construed liberally by this court, looks to whether claims “ ‘are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit’” (quoting United States v. Aquavella, 615 F.2d at 22)). That result fully accords with the purpose behind 28 U.S.C. § 1607(b): to prevent a foreign sovereign from obtaining the benefit of litigating its claims in a United States court while simultaneously avoiding liability for counterclaims logically related to them. See id. (noting FSIA House Report’s rationale for exception).
We therefore VACATE the district court’s judgment dismissing Spain’s suit and ABS’s counterclaims, and we REMAND for further proceedings consistent with this decision.

. ABS has conceded as much, while nevertheless contending that we should affirm because the district court properly declined jurisdiction. As discussed below, we leave it to the district court to consider in the first instance the propriety of exercising its jurisdiction.

. At oral argument and in its brief, ABS appears to have conditioned its offer to stipulate to jurisdiction in Spain on the application of the CLC, and not Spanish tort law, to plaintiff's claims. To the extent transfer may be supported by having the courts of Spain rather than the United States decide the extent to which a treaty ratified by Spain potentially supersedes its domestic tort law in a case involving a defendant national of a non-ratifying country, ABS's conditional proffer of submission to jurisdiction in Spain does not so convincingly warrant the application of forum non conveniens or international comity as to permit this court to order their application. Accordingly, we remand so that the district court may fully weigh the competing interests relevant to these doctrines.

. To the extent that Spain, as a CLC-contracting state, may be a more appropriate venue to decide the question of the treaty’s application when a signatory state sues the nationals of a non-signatory one, that may be one of the factors for the district court to consider in deciding whether to exercise its jurisdiction, see, e.g., In re Arbitration Between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine, 311 F.3d 488, 500 (2d Cir.2002) (noting, in forum non conveniens analysis, that foreign court was “better suited” to resolve issues of foreign law), provided that ABS can, in fact, be sued in Spain.

.The counterclaims at issue are those contained in AB S’s original answer, dated June 27, 2003. To the extent ABS subsequently filed amended counterclaims as set-offs within the parameters of 28 U.S.C. § 1607(c), at the district court’s invitation and in light of its grant of summary judgment, ABS agreed to withdraw its amended counterclaims without prejudice. Because we vacate the district court’s January 2, 2008 judgment, on remand we leave it to the district court to decide whether ABS should be permitted to revive its amended counterclaims.

. The district court noted but did not rule on whether 28 U.S.C. § 1607(b) incorporated Fed.R.Civ.P. 13(a)'s maturity requirement. See Reino de Espana v. Aw. Bureau of Shipping, Inc., 328 F.Supp.2d at 493. We will do the same. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 90 (2d Cir.2004) (noting that this court generally "refram[s] from analyzing issues not decided below").