09-1369-cv
MAFCO Elec. Contractors, Inc. v. Turner Constr. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of December, two thousand nine.

PRESENT:   JOHN M. WALKER, JR.,
           REENA RAGGI,
                   *Circuit Judges*,
           JED S. RAKOFF,[*]
                   *District Judge*.

-------------------------------------------------------------------

MAFCO ELECTRICAL CONTRACTORS, INC.,
                  *Plaintiff-Appellant*,

        v.                                     No. 09-1369-cv

TURNER CONSTRUCTION COMPANY,
                  *Defendant-Appellee*.

-------------------------------------------------------------------

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANT:        STEVEN B. KAPLAN, Michelson, Kane, Royster & Barger, P.C., Hartford, Connecticut.

APPEARING FOR APPELLEE:         HOWARD M. ROSEN (David Fultz, *on the brief*), Peckar & Abramson, P.C., New York, New York.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on March 30, 2009, is AFFIRMED.

Plaintiff MAFCO Electrical Contractors, Inc. ("MAFCO"), appeals from an award of summary judgment in favor of defendant Turner Construction Co. ("Turner") on MAFCO's breach of contract claim arising from Turner's alleged mismanagement of the "Town Square Project" in Hartford, Connecticut. MAFCO, an electrical subcontractor, asserts error in the district court's holding that a "no damages for delay" clause in the parties' contract barred MAFCO's claim. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Standard of Review

We review an award of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor. See Sledge v. Kooi, 564 F.3d 105, 108 (2d Cir. 2009). We will affirm only where the record

2

reveals "no genuine issue as to any material fact" and demonstrates the movant's entitlement to judgment "as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

2.    The Contract Claim

MAFCO does not dispute that, under Connecticut Law, "no damages for delay clauses are generally valid and enforceable and are not contrary to public policy." White Oak Corp. v. Dep't of Transp., 217 Conn. 281, 288, 585 A.2d 1199, 1203 (1991) (internal quotation marks omitted). Rather, MAFCO argues that its claims fall within one of several exceptions to enforceability which allow recovery for delays that are, inter alia, (1) uncontemplated, (2) so unreasonable as to constitute abandonment of contract, or (3) caused by breach of fundamental contract obligations. Id. at 289 (adopting exceptions articulated by New York Court of Appeals in Corinno Civetta Constr. Corp. v. New York, 67 N.Y.2d 297, 309, 502 N.Y.S.2d 681, 686 (1986)).[1] We doubt that any reasonable jury could find that the alleged delays fall within the cited exceptions, given MAFCO's explicit waiver of claims based on "delays, charges, acceleration, loss of efficiency or productivity disruptions and interferences with the performance of the work," Subcontract Agreement at 4 art. V, in a contract that repeatedly references the very logistical challenges at the heart of MAFCO's claim, including

---

[1] MAFCO does not seek recovery pursuant to a fourth exception for delays caused by bad faith or "willful, malicious, or grossly negligent conduct." White Oak Corp. v. Dep't of Transp., 217 Conn. at 289, 585 A.2d at 1203.

coordination of subcontractors, assignment of "out of sequence" work, adjustment of project schedules, and compression and acceleration of work, see Corinno Civetta Constr. Corp. v. New York, 67 N.Y.2d at 310, 502 N.Y.S.2d at 686 (observing that exculpatory clauses "are generally held to encompass only those delays which are reasonably foreseeable, arise from the contractor's work during performance, or which are mentioned in the contract").

We need not decide the issue definitively, however, because we conclude that MAFCO's claim is foreclosed by a series of clear, unconditional release and waiver forms signed by MAFCO during the course of the project.[2] See Holcomb v. Lykens, 337 F.3d 217, 223 (2d Cir. 2003) ("It is well-settled that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." (internal quotation marks and alteration omitted)). MAFCO signed more than two dozen change order forms that contained the following language:

> Through acceptance of this Change Order, this Subcontractor acknowledges that it has reviewed the progress of the work related to this Project and the potential impact of the additional work on the progress of the project in the future. As a result, this Change Order includes compensation to the Subcontractor for any and all effects, delays, inefficiencies or similar demands associated with this Project and the Subcontractor recognizes that there is no basis for any such claim in the future.

Affidavit of Daniel P. Wilson in Support of Defendant's Motion for Summary Judgment, Ex.

---

[2] We also need not decide whether the record reveals a question of fact as to whether MAFCO provided Turner with notice sufficient to preserve its claims under the terms of the contract.

O. MAFCO also signed several "Lien Waiver and Release" forms in connection with payment applications, waiving all rights to seek payment adjustments "for any reason or matter arising out of or related to matters occurring or existing on or before the date hereof." Id. Ex. M. The language of these provisions unambiguously relieves Turner of liability for the alleged delays. See Ramirez v. Health Net of Ne., Inc., 285 Conn. 1, 13, 938 A.2d 576, 586 (2008) ("Where the language is unambiguous, we must give the contract effect according to its terms." (internal quotation marks omitted)).

MAFCO argues that Turner waived reliance on these provisions in 2004 when it agreed to settle a series of delay-related claims through a change order payment. MAFCO contends that the payment constituted a course of conduct establishing Turner's consent not to rely on MAFCO's waiver of rights to sue. We are not persuaded. Turner's willingness to settle one batch of claims cannot be construed as a course of conduct barring contractual defenses to subsequent claims. See Dunnigan v. First Bank, 217 Conn. 205, 209, 585 A.2d 659, 661 (1991) (observing that two separate transactions do not constitute "continual course of business dealings"); Restatement (Second) of Contracts § 223 (1981) (defining course of dealing as "sequence of previous conduct between the parties" fairly understood to establish "common basis of understanding for interpreting" their actions). Even assuming arguendo that Turner's settlement of one set of claims could establish a course of dealing, the subcontract plainly states that "no term or provision . . . may be waived by Turner except in

5

writing," Subcontract Agreement at 13, Art. XXVI, and the change order forms expressly state that they are governed by the terms and conditions of the subcontract. The Connecticut Supreme Court has made clear that failing to construe a non-waiver provision strictly would "eviscerate any inclination or incentive a [party] might have to extend any kind of generosity or flexibility . . . on the even of commencing litigation." Webster Bank v. Oakley, 265 Conn. 539, 551, 830 A.2d 139, 147-48 (2003); see also id. at 550-51 (in case involving non-waiver provision, rejecting argument that whether contractual right was waived created genuine issue of material fact precluding summary judgment); Christensen v. Cutaia, 211 Conn. 613, 619-20, 560 A.2d 456, 459 (1989). Because of the subcontract's non-waiver provision and its incorporation by reference in the change order form, MAFCO must offer written evidence that Turner expressly waived its contractual rights and not simply that it engaged in some alleged course of dealing.

In any event, MAFCO executed several change order and release forms after accepting the first settlement and after Turner explicitly stated its intention to rely on the waiver and release provisions to reject further claims. See Conn. Nat'l Bank v. Douglas, 221 Conn. 530, 545, 606 A.2d 684, 691 (1992) ("While a determination about a party's intent to waive his rights ordinarily poses a question of fact, clear and definitive contract language can establish waiver as a matter of law."); see also Kay-R Elec. Corp. v. Stone & Webster Constr. Co., 23 F.3d 55, 58 (2d Cir. 1994) (concluding that plain language in payment requisition

form constituted "clear and unambiguous" intent to release defendant from claims for additional expenses).  Finally, MAFCO implicitly acknowledged the binding nature of the lien waiver and release forms when, in 2007 and 2008, it inserted language seeking to exclude from the release claims raised in its then-pending lawsuit against Turner – claims already released in previous change order and release forms.  In sum, MAFCO cannot escape its repeated, express agreement not to file suit seeking compensation for project delays.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:_____

7