08-2046-cv
*Longi v. State of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand and ten.

PRESENT:
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,*
> > *Circuit Judges.*

_____

Thomas M. Longi,

> > *Plaintiff-Appellant,*
> > v.                                                                No. 08-2046-cv

State of New York, *et al.*,

> > *Defendants-Appellees.*

_____

For Appellant:                          Thomas M. Longi, *pro se*, Shirley, NY.

For Appellees

> AT&T Corp.:                        Marc Rowin, Lynch Rowin, LLP, New York, NY.

_____

*The Honorable John M. Walker, Jr., who was originally assigned to the panel for this appeal, recused himself and did not participate.  This appeal was decided by the panel's remaining two judges pursuant to this Court's Local Rule § 0.14(b).

New York State agencies
and officials:                      David Lawrence, III, Assistant Solicitor General, State of
                                    New York Office of the Attorney General, New York, NY.

Town of Brookhaven
and Felix Grucci:                   Andrew J. Mihalick, Kral, Clerkin, Redmond, Ryan, Perry
                                    & Girvan, LLP, Mineola, NY.

County of Suffolk:                  Arlene S. Zwilling, Assistant County Attorney, Suffolk
                                    County Attorney's Office, Hauppauge, NY.

Fleetwood Credit Corp.:             Lance Perez, Maimone & Associates PLLC, Mineola, NY.

Town of Riverhead and
related appellees:                  Thomas C. Sledjeski, Thomas C. Sledjeski & Associates,
                                    PLLC, Riverhead, NY.

Grubb & Ellis:                      William J. Candee, New York, NY.

Twomey, Latham, Shea &
Kelley, LLP, and
Christpher Kelley:                  Cheryl F. Korman, Rivkin Radler LLP, Uniondale, NY.

Jan Burman:                         Sarah C. Lichtenstein, Abrams, Fensterman, Fensterman,
                                    Eisman, Greenberg, Formato & Einiger, LLP, Lake
                                    Success, NY.


Appeal from a judgment of the United States District Court for the Eastern District of

New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND**

**DECREED** that the judgment of the district court be **AFFIRMED** in its entirety.

Appellant Thomas M. Longi, *pro se*, appeals the district court's orders dismissing his

complaint and granting summary judgment, in his action filed pursuant to 42 U.S.C. § 1983,

miscellaneous federal statutes, and state law, in favor of the defendants. We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

Although Longi purports to appeal from every adverse decision issued by the district court in his case, he has failed to sufficiently raise or argue any challenge to the district court's disposition of the claims raised below. Where, as here, an appellant fails to provide any argument or raise any issues in his appellate brief, those issues are deemed abandoned and will not be addressed on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995); *Sledge v. Kooi*, 564 F.3d 105, 106 n.1 (2d Cir. 2009). In *LoSacco*, we explained that, although "appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards . . . . we need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal." 71 F.3d at 93. Because Longi's appellate brief includes only conclusory statements that the district court erred in every decision that it made and he has not proffered any argument as to the district court's disposition of the merits of his claims against any of the defendants, we decline to review his appeal to the extent that it raises challenges to the district court's disposition on the merits. *Id.*

To the extent that Longi has raised claims regarding discovery, recusal, and a conspiracy or collusion between the defendants and the district court, we find the claims to be without merit. The record does not establish any abuse of discretion on the part of the district court with respect to discovery proceedings because, in addition to the fact that Longi has failed to identify any specific discovery violations, the transcripts indicate that the district court considered Longi's complaints regarding discovery and provided him an opportunity to specify what documentation was missing, but Longi was unable to identify what, if any, discovery requests had not been complied with. *See Gray v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997) (reviewing

3

discovery rulings for an abuse of discretion).

Recusal motions also are committed to the sound discretion of the district court. *See United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998). Federal judges must recuse themselves from cases in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges must recuse themselves where: (1) they have "personal bias or prejudice concerning a party"; (2) in private practice, they were involved in the matter in controversy or their law partners were involved in the matter; and (3) when serving in government employment, they participated in the matter in controversy. 28 U.S.C. § 455(b). In this case, Magistrate Judge Tomlinson recused herself as soon as she realized that she had been the attorney for one of the named defendants. Moreover, Magistrate Judge Tomlinson made no dispositive rulings, presided only over the beginning of discovery proceedings, was assigned to the case for only six months prior to her recusal, and was not assigned to the case until more than two years after service on Jan Burman failed. As to the requested recusal of Magistrate Judge Boyle and Judge Feuerstein, Longi argues only that they should have recused themselves because they were previously employed by either the state or county defendants. Although Longi cites their former governmental employment, he has not made any concrete claims that any of the judges who presided over his case below were involved in the matters in controversy while employed by either the State or the County. Because such participation is needed to mandate recusal under § 455, failure to recuse was not an abuse of discretion. 28 U.S.C. § 455(b)(3).

Finally, with respect to his conspiracy claims, Longi has done no more than make conclusory accusations against the court below. Longi has failed to point out any actions of the district court, apart from ruling against him, that would show that the court was in any way

4

involved in a conspiracy with the defendants. Such conclusory and vague allegations of conspiracy, are inadequate to raise a claim against the judges below. *See Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (addressing a district court's *sua sponte* dismissal of a complaint filed against circuit judges and affirming the dismissal because there had been no facts alleged to establish any conspiracy).

We have considered all of Longi's remaining claims of error and determined them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. Because an automatic bankruptcy stay under 11 U.S.C. § 362 remains in place as to Monaco Coach Corporation, this order does not constitute a ruling as to the disposition of the appeal as to that appellee. Upon notice from Monaco Coach Corporation or the bankruptcy court that the stay has been modified or lifted, a decision will issue as to that appellee.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5