12-4407-cv
Hewitt v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand thirteen.

PRESENT: GUIDO CALABRESI,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

JENNIFER HEWITT,

                  Plaintiff-Appellant,

                  -v-                                    12-4407-cv

CITY OF NEW YORK, JENNIFER CHILDS,
DETECTIVE, SHIELD 2022,
CHRISTOPHER COOKE, DETECTIVE,
SHIELD 1569, JOHN DOE, POLICE
OFFICERS 1-15, UNDERCOVER OFFICER
NO. 55, aka UNDERCOVER OFFICER NO.
2570, UNDERCOVER OFFICER NO. 54,
VINCENT DAUGE, DETECTIVE,

                  Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:       Adewale Akim Mosaku, Law Office of
                               Wale Mosaku, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:     Susan Paulson, Francis F. Caputo,
                              and Max McCann, Assistant
                              Corporation Counsels, for Michael
                              A. Cardozo, Corporation Counsel of
                              the City of New York, New York,
                              New York.

Appeal from the United States District Court for the Eastern District of New York (Dearie, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Jennifer Hewitt ("Hewitt") appeals from the district court's September 28, 2012 judgment dismissing her section 1983 claims arising out of her arrest and indictment as part of a wide-ranging narcotics investigation involving some fifty alleged participants. In its September 27, 2012 memorandum and order, the district court granted defendants-appellees' motion for summary judgment in its entirety. See Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review a grant of summary judgment under Rule 56(a) de novo, viewing the evidence in the light most favorable to, and drawing all reasonable inferences in favor of, the non-moving party. See Sledge v. Kooi, 564 F.3d 105, 108 (2d Cir. 2009). Summary judgment must be denied if there is a genuine issue of disputed fact "such that a reasonable jury could return a verdict for the nonmoving party." Wright v. Goord, 554 F.3d

-2-

255, 266 (2d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  After an independent review of the record, we affirm the grant of summary judgment for substantially the reasons set forth by the district court in its thorough opinion.

On appeal, Hewitt principally argues that the district court failed to view the evidence in the light most favorable to her.  Specifically, she alleges that there is evidence that individual defendants lied about: (1) a September 13, 2006 photo array in which an undercover officer identified Hewitt as the female suspect known as "JD Altima"; and (2) the presence of JD Altima during the attempted narcotics purchase on April 6, 2006. Had the district court correctly inferred that these events were fabricated, she argues, it could not have concluded that the officers and prosecutors had probable cause to arrest and charge her with participation in a narcotics conspiracy.  For the following reasons, we conclude that no reasonable jury could draw the inferences that Hewitt proposes.

First, Hewitt points out that Detective Christopher Cooke conducted the photo array and prepared the follow-up report documenting the identification, and contends that there is a genuine dispute as to Cooke's veracity.  But this argument ignores the deposition testimony of undercover agent UC-0055, who confirmed that he positively identified Hewitt in the

September 2006 photo array.  Even if we assume Cooke was not credible, Hewitt has pointed to no evidence suggesting that UC-0055 lied about making this identification.

Second, with regard to JD Altima's presence at the April 6, 2006 purchase, Hewitt points out: (1) the "Buy Report" of undercover officer UC-0055 did not mention that primary suspect Carl Hewitt ("Carl") was in a vehicle or that a female suspect was in the vehicle with him; (2) Cooke's report documenting the photo array is the only documentary evidence indicating that UC-0055 claimed JD Altima was present on April 6; and (3) when UC-0055 first testified to the grand jury on March 15, 2007, he did not mention that JD Altima was present on April 6, and he made that assertion only when he testified before the grand jury again on April 27, 2007, after Hewitt's arrest.

Contrary to Hewitt's assertions, however, the April 6 Buy Report does not contradict UC-0055's claim that JD Altima was present at that time.  While it does not mention a vehicle or a female suspect, it also does not state that Carl was on foot or alone.  UC-0055 testified in his deposition that the Buy Report was only a "summary" of the important details.  At that time, Carl was the primary subject of UC-0055's investigation. UC-0055 testified that he had never seen JD Altima before April 6 and was not sure she was involved in the drug conspiracy until

-4-

he saw her again on April 20, doing the same thing.  He also testified that at some point he told Cooke that JD Altima was present on April 6, which corroborates the statement in Cooke's September 13, 2006 photo array.  Hewitt has not pointed to any evidence in the record that either contradicts UC-0055's reasonable explanation for the omission from the April 6 Buy Report, or supports a reasonable inference that he lied about this event in September 2006, some seven months before Hewitt's arrest, when he identified her as JD Altima.

We conclude that no reasonable jury could draw the inferences for which Hewitt argues.

We have considered Hewitt's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk