Reyes v. Wenderlich

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

EARL REYES,

> *Plaintiff-Appellant*,

v.                                                                          No. 18-919-cv

JOHN WENDERLICH, SUPERINTENDENT, AMY FARNHAM, D.S.A., DAVID MORGAN, CRAFTSMAN, J. VON HAGN, NURSE ADMINISTRATOR, J. CLEMENT, NURSE, K. WEAVER, NURSE, ZAWKO GOULD, NURSE, K. WALSH, NURSE, BEN OAKES, DOCTOR, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,

> *Defendants-Appellees*,

PRISON MEDICAL PROVIDER,

*Defendant*.*

---

*For Plaintiff-Appellant*:                    JOHN W. CERRETA (Matthew B. Danzer, on the brief), Day Pitney LLP, Hartford, CT.

*For Defendants-Appellees*:                 ALLYSON B. LEVINE, Assistant Solicitor General (Jeffrey W. Lang, Deputy Solicitor General, on the brief) *for* Letitia James, Attorney General for the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiff-appellant Earl Reyes appeals from the district court's judgment, granting defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint alleging deliberate indifference to inmates' exposure to freezing temperatures for a prolonged period of time, in violation of the Eighth Amendment. On appeal, Reyes asserts the district court improperly weighed the parties' evidence and therefore failed to view the evidence and draw all reasonable inferences in the

*The Clerk of Court is respectfully requested to amend the caption as stated above.

light most favorable to Reyes. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

We review *de novo* a district court's grant of summary judgment, construing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party. *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009). Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To succeed on an Eighth Amendment conditions-of-confinement claim, a plaintiff must satisfy two requirements. First, he must show that the danger posed by the alleged indifference is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Second, he must demonstrate that, subjectively, prison staff acted with "deliberate indifference to inmate health or safety" in failing to address the purported danger. *Id.* (internal quotation marks omitted).

With respect to the first requirement—demonstrating the danger is, objectively, a sufficiently serious denial of one of life's necessities—Reyes maintains that the frequency of prisoners' complaints about freezing cold cell temperatures along with weather data for the relevant time period demonstrates that Reyes was

3

exposed to subzero temperatures for a prolonged period of time. That argument is without merit.

We have held that inmates' prolonged exposure to subzero temperatures violates the Eighth Amendment. *See, e.g.*, *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (plaintiff's claims "that he was deliberately exposed to bitterly cold temperatures for approximately three months . . . when the large window frames in his cell block were empty and correction officers made things worse by tearing down plastic sheeting partially covering the frames" raised a material dispute of fact); *Gaston v. Coughlin*, 249 F.3d 156, 164-66 (2d Cir. 2001) (recognizing Eighth Amendment claim when plaintiff alleged that "despite numerous complaints," broken windows in his cell block "remained unrepaired for the entire winter, exposing inmates to freezing and sub-zero temperatures"). The conditions Reyes faced here, however, are different from the conditions in those cases because there is no evidence that the temperatures on Reyes's cell block were below freezing, that the windows on the cell block were open for any prolonged period, or that Reyes suffered any ailments as a result of the cold. The district court did not err when it found Reyes had not raised a material issue of fact as to whether Reyes was subjected to sufficiently serious conditions to give rise to an Eighth Amendment violation.

As for the second requirement—that prison staff demonstrated deliberate indifference by failing to address dangers to inmates—Reyes asserts prison staff failed to take reasonable measures to address the freezing cold temperatures despite knowing of prisoners' complaints about exposure to the cold. We are not persuaded.

To establish that prison officials acted with deliberate indifference, a plaintiff must show that "the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. Here, defendants Wenderlich and Farnham referred prisoner complaints about the cold to the appropriate personnel. Additionally, Reyes acknowledges, without material rebuttal, that Morgan checked the temperature near his cell with a portable thermometer, and that Morgan stated he never found the temperature fell below 67 degrees. As the district court properly determined, those actions indicate that prison officials attempted to remedy any heating problems and were not deliberately indifferent to Reyes's confinement conditions.

For the foregoing reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court